UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE HERON COMMERCIAL
GROUP, INC.,

    Plaintiff,

v.                                                           Case No: 2:18-cv-467-FtM-29CM

LEE WEBBER and GERALD T.
FILIPIAK,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Opposed Motion to Stay Discovery filed on September 18, 2018. Doc. 32. Plaintiff filed a response in opposition on October 2, 2018. Doc. 33. Defendants request the Court stay discovery pending the Court's ruling on their motion for summary judgment, filed on September 5, 2018.[1] Doc. 32 at 3; *see* Doc. 26. For the reasons stated below, the motion is denied.

Plaintiff filed this case against Defendants in the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida, alleging claims for breach of contract and unjust enrichment related to Defendants' alleged breach of the parties' shareholder agreement by failing to pay capital expenditures in the amount of

---

[1] Plaintiff filed a response in opposition to the summary judgment motion on October 8, 2018. Doc. 34. The Court granted Defendants' request for leave to file a reply brief on October 15, 2018, and the reply is due October 25, 2018. Docs. 35, 36. Thus, Defendants' summary judgment motion is not yet ripe for review.

$652,807. Doc. 2 ¶¶ 73-79, 82-90. Defendants removed the case to this Court on July 5, 2018. Doc. 1. The Court entered a Case Management and Scheduling Order ("CMSO") on August 31, 2018, setting a discovery deadline of November 5, 2018. Doc. 25. The CMSO explains that "[m]otions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored." *Id.* at 3. Rule 26 of the Federal Rules of Civil Procedure allows the Court to stay discovery in certain circumstances, but the moving party bears the burden of establishing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Further, the Middle District Discovery Handbook explains that the pendency of motions like the motion for summary judgment filed by Defendants ordinarily does not constitute good cause to grant a stay:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at 5-6.

When determining whether to stay discovery, however, the Court also must balance the harm produced by any delay with the possibility that the motion will be granted and eliminate the need for discovery. *McCabe*, 233 F.R.D. at 685. Thus, the Court must take a "preliminary peek" at the merits of the pending dispositive motion to see whether it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and quotation marks omitted).

To that end, the Court has reviewed the pleadings, Defendants' motion for summary judgment and Plaintiff's response to determine whether "unusual circumstances" are present; whether Defendants have made a "specific showing of prejudice or undue burden" to justify the stay; and whether Defendants' motion is "clearly meritorious." *See id.* The Court concludes Defendants have failed to meet their burden in these respects. Here, Defendants' assertion that, without a stay, they will expend significant resources on discovery is not unusual. Plaintiff contends that there "numerous key facts" still in dispute in the case that necessitate discovery.[2] Doc. 33 at 1. Defendants' motion also is not so "clearly meritorious and truly case dispositive" that it warrants an indefinite stay of discovery and case management deadlines in this matter. Defendants' summary judgment motion is predicated on the preclusive effect of prior litigation in New York that allegedly involved the same issue as in this case. *See* Doc. 26; Doc. 32 at 3. Plaintiff, however, contends it was not in privity with the plaintiff in that case and that its claims in this case are not precluded. Doc. 34 at 5. Plaintiff also contends that privity is a factual issue for which discovery is needed to effectively litigate. *See id.*; Doc. 33 at 4-5.

ACCORDINGLY, it is

**ORDERED:**

Defendants' Opposed Motion to Stay Discovery (Doc. 32) is **DENIED**.

---

[2] Plaintiff also argues that because material facts are in dispute, Defendants' summary judgment motion is premature. Doc. 34 at 1.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record