UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE HERON COMMERCIAL
GROUP, INC.,

      Plaintiff,

v.

Case No: 2:18-cv-467-FtM-29CM

LEE WEBBER and GERALD T.
FILIPIAK,

      Defendants.

## ORDER

This matter comes before the Court upon review of five pending motions: (1) Plaintiff's Partially Opposed Motion to Compel Defendants' Compliance with the Court's Scheduling Order and to Provide Defendants' Deposition Dates ("first motion to compel") filed on October 17, 2018 (Doc. 39); (2) Plaintiff's Motion to Compel Defendants to Serve Answers to Interrogatories and Responses to Requests for Production of Documents ("second motion to compel") filed on October 25, 2018 (Doc. 41); (3) Plaintiff's Motion for Leave to File Amended Opposition to Defendants' Motion for Summary Judgment Containing Supplemental Undisputed Facts Resulting from Defendants' Failure to Respond to Requests for Admissions ("Motion to Amend Opposition") filed on October 24, 2018 (Doc. 40); (4) Defendants' Motion to Withdraw Admissions filed on October 25, 2018 (Doc. 42) in response to the Motion to Amend Opposition; and (5) Plaintiff's Motion to Extend Deadlines in Scheduling Order,

construed as a Motion to Amend the Case Management and Scheduling Order ("CMSO"), filed on November 5, 2018 (Doc. 45).

Defendants filed a response in opposition to the two motions to compel on October 31, 2018. Doc. 44. Plaintiff filed a Notice of Defendants' Consent to Plaintiff's Motion to Amend the CMSO on November 8, 2018. Doc. 46. Finally, Plaintiff filed a response in opposition to the Motion to Withdraw Admissions on October 8, 2018. Doc. 47. For the reasons stated below, the two motions to compel (Docs. 39, 41) are denied without prejudice; the Motion to Withdraw Admissions (Doc. 42) is granted; the Motion to Amend Opposition (Doc. 40) is denied as moot; and the Motion to Amend the CMSO (Doc. 45) is granted in part.

Plaintiff filed this case against Defendants in the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida, alleging claims for breach of contract and unjust enrichment related to Defendants' alleged breach of the parties' shareholder agreement by failing to pay capital expenditures in the amount of $652,807. Doc. 2 ¶¶ 73-79, 82-90. Defendants removed the case to this Court on July 5, 2018. Doc. 1. The Court entered a CMSO on August 31, 2018, setting the mediation deadline for November 1, 2018; the discovery deadline for November 5, 2018; the dispositive motions deadline for November 30, 2018; joint final pretrial statement for January 15, 2019; and a trial term beginning April 1, 2019. Doc. 25 at 1-2. Defendants filed a motion for summary judgment on September 5, 2018, and thereafter filed an Opposed Motion to Stay Discovery pending the outcome of the

summary judgment motion.[1]  Docs. 26, 32.  Plaintiff filed a response in opposition to the summary judgment motion on October 8, 2018, which it now seeks to amend. Doc. 34.  The Court denied Defendants' motion to stay discovery on October 16, 2018, and these motions followed.  *See* Doc. 38.  After the motions were filed, on November 13, 2018, United States District Judge John E. Steele entered an Order directing the parties to file a status report as to mediation.  Doc. 48.  On November 16, 2018, the parties filed the status report advising the Court that the parties have scheduled in-person mediation for December 17, 2018.  Doc. 49.

## I. Motions to compel

In its first motion to compel, Plaintiff requests that the Court compel Defendants to cooperate with Plaintiff to set a mediation date and set dates for Defendants' depositions.  Doc. 39 at 1.  Plaintiff states the parties agreed on a mediator, Judge Ellen Leesfield (Ret.) (but did not file a stipulation as directed by the CMSO), but Defendants have made selecting a mediation date difficult.  *Id.* at 2-3; *see* Doc. 25 at 1.  Plaintiff claims Defendants' counsel would only agree to set a mediation date if Defendants' appearance at mediation was excused, and "insisted on a scenario where the attorneys would debate each other without their clients present."  Doc. 39 at 2.  Thus, Plaintiff requests an Order compelling Defendants

---

[1] In the Opposed Motion to Stay Discovery, Defendants argued their summary judgment motion would likely dispose of the case and sought to avoid "harassing and needless discovery practice from opposing counsel."  Doc. 32 at 3.  Defendants' summary judgment motion seeks judgment based on the preclusive effect of prior litigation in New York between Defendants and Ray Webber, Plaintiff's principal, arguing that Plaintiff and Ray Webber were in privity.  *Id.*; *see generally* Doc. 26.

to cooperate with Plaintiff in selecting a mediation date where all parties are present. *See id.* at 3. Plaintiff also states Defendants have not cooperated in scheduling their depositions and admits it has not served Rule 30 notices for Defendants' depositions because it hoped to cooperate with Defendants and agree on dates. *Id.* Plaintiff continues that "unless Defendants cooperate, Plaintiff can only request an extension of deadlines" including the mediation deadline. *Id.*

In the second motion to compel, Plaintiff requests that the Court compel Defendants to respond to Plaintiff's discovery requests. Doc. 41 at 1. Plaintiff states it served Rule 33 interrogatories and Rule 34 requests for production on Defendants on September 12, 2018, and Defendants have not served any responses or objections to date. *Id.* at 2. As to an award of reasonable expenses in bringing the motion, Plaintiff states "[u]pon the grant of this Motion, Plaintiff reserves the right to recover reasonable attorney's fees . . . Plaintiff is not requesting sanctions at this time, but reserves the right to do so if Defendants' noncompliance continues." *Id.* at 4.

Defendants respond that they served Plaintiff with their responses to the Rule 33 interrogatories and Rule 34 requests for production on October 31, 2018, thus the second motion to compel is moot. Doc. 44 at 1-2. As to the first motion to compel, Defendants respond that Plaintiff never served Defendants with deposition notices under Rule 30 of the Federal Rules of Civil Procedure, thus "Plaintiff's motion to compel the Defendants to appear for depositions is not ripe for review." *Id.* at 2. Defendants also state that, to the extent Plaintiff requests an extension of the

mediation deadline in its first motion to compel, Defendants join in that request and have begun cooperating in attempting to schedule a mediation date. *Id.* As noted, the parties have now agreed to a mediation date of December 17, 2018. Doc. 49.

Rules 33 and 34 of the Federal Rules of Civil Procedure allow a party to serve interrogatories and requests for production on any other party in the case. Fed. R. Civ. P. 33(a), 34(a). The responding party must serve its answers within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows for depositions of witnesses and provides that a party who wants to depose a witness must give reasonable notice and state the time and place of the proposed deposition. Fed. R. Civ. P. 30(b)(1). Under Rule 37, if a party fails to respond to an interrogatory or request for production, or fails to attend a deposition, the party seeking the discovery may file a motion to compel such response or attendance. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv), (d)(1)(A). Rule 37 also provides for the payment of reasonable expenses incurred in bringing or defending a motion to compel depending on whether the motion is granted, denied, or granted in part and denied in part. Fed. R. Civ. P. 37(a)(5).

Here, Defendants state they served their responses to Plaintiff's interrogatories and requests for production on October 31, 2018 and attached the responses to their response to Plaintiff's motions to compel. *See* Doc. 44 at 2; Doc. 44-2. Defendants served their responses late and failed to seek an informal extension from opposing counsel. *See* Doc. 41 at 2. As Defendants provided the requested discovery, however, the second motion to compel will be denied without

prejudice to Plaintiff re-filing the motion if Defendants' responses are inadequate. As to the first motion to compel, Defendants argue and Plaintiff admits that Plaintiff never noticed the depositions of Defendants prior to filing its motion to compel. *See* Doc. 39 at 3; Doc. 44 at 2. Also, although Defendants previously failed to respond to Plaintiff's counsel's attempt to schedule mediation, the parties have now decided on a mediator and the parties have set a mediation date for December 17, 2018.[2] *See* Doc. 44 at 2; Doc. 49. Thus, the first motion to compel will be denied without prejudice to Plaintiff re-filing if Defendants fail to appear for scheduled depositions in response to Rule 30 notices or fail to appear on the December 17, 2018 mediation date. *See Hotel Management Group, Inc. v. CC, LLC*, No. 6:07-cv-488-Orl-22DAB, 2008 WL 1990666, at *1 (M.D. Fla. May 5, 2008) ("Here, although the parties attempted to negotiate an acceptable time and date for the depositions, no date was ever selected and no notice was given. As such, there is nothing for the Court to 'compel'").

Finally, although Plaintiff does not request reasonable expenses under Rule 37 or sanctions in either motion to compel, Plaintiff may file a subsequent motion addressing the issues, if desired.[3] The Court notes that several aspects of

---

[2] The parties' November 16, 2018 status report states that all parties, their respective counsel and the mediator will be present at the December 17, 2018 mediation. Doc. 49. Defendants' counsel is reminded that their clients must attend the mediation. *See* M.D. Fla. R. 9.05(c).

[3] Plaintiff may be entitled to its reasonable expenses under Rule 37(a)(5)(A) as to both motions to compel, because although the motions are denied without prejudice, Defendants provided the "disclosure or requested discovery" after Plaintiff filed the motions to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). For the first motion to compel, Defendants cooperated with Plaintiff's effort to schedule mediation and comply with the CMSO only after Plaintiff filed its motion to compel such cooperation. *See* Doc. 44 at 2; Doc. 47 at 2; Doc. 49. For the

Defendants' counsel's behavior are contrary to the federal rules of discovery and those of this Court and admonishes Defendants' counsel going forward to cooperate with Plaintiff's counsel to follow both the letter and the spirit of the rules. *See e.g.,* Fed. R. Civ. P. 30, 33-34, 37; M.D. Fla. R. 9.05; Middle District Discovery at II(A)(1). For example, Defendants' counsel apparently sought to schedule a mediation date where Defendants will not be present and refused to otherwise cooperate in scheduling. *See* Doc. 39 at 2. Under the Middle District of Florida Local Rules, however, party attendance is *required* at mediation unless excused by the presiding judge in writing. M.D. Fla. R. 9.05(c).[4]

Also, Defendants' counsel's refusal to cooperate with Plaintiff's counsel in setting Defendants' deposition dates is contrary to the spirit of the local rules and the Middle District of Florida Discovery Handbook. *See* Middle District Discovery at II(A)(1) ("[a]n attorney is expected to accommodate the schedules of opposing counsel . . . In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice"). Thus, although the Court may not grant Plaintiff's motion to compel at this time, if Defendants continue to obstruct the scheduling of their depositions Plaintiff may serve Rule 30 notices and file a renewed motion to compel if Defendants fail to appear in response to the notices. *See Hotel*

---

second, Defendants served Plaintiff with their discovery responses only after Plaintiff filed its motion to compel the responses. *See* Doc. 44 at 2; Doc. 44-2.

[4] Attorneys admitted to practice in this Court *pro hac vice*, including attorneys Jennifer Persico and James Blenk, attorneys for Defendants in this case, are expected to be familiar and comply with the Middle District of Florida Local Rules. *See* Docs. 19, 23; M.D. Fla. R. 2.02(c).

*Management Group, Inc.*, 2008 WL 1990666 at *1. Defendants are advised that further non-compliance may lead to an order requiring Defendants to show cause why they should not be sanctioned.

## II. Motion to Amend Opposition and Motion to Withdraw Admissions

Next, Plaintiff's Motion to Amend Opposition seeks to amend its response to Defendants' summary judgment motion by including additional undisputed facts established by Defendants' failure to respond to Plaintiff's Requests to Admit under Rule 36 of the Federal Rules of Civil Procedure. Doc. 40 at 1-2. Plaintiff states it served the Requests to Admit on September 12, 2018 and Defendants failed to respond by the October 12, 2018 deadline. *Id.* at 2. Plaintiff claims the additional facts would be determinative of the summary judgment motion and that good cause exists to allow the amended response to the motion. *Id.* at 3-4. The Motion to Amend Opposition attaches both the proposed amended response and a redline draft showing the proposed changes to the original response. *See* Docs. 40-1, 40-2.

In response to Plaintiff's motion, Defendants filed a Motion to Withdraw Admissions under Rule 36(b) of the Federal Rules of Civil Procedure. Doc. 42 at 1. Defendants state they responded to Plaintiff's requests to admit ten days after the deadline passed and attached their responses to the motion. *Id.* at 2; Doc. 42-2. The Requests to Admit, according to Defendants, are an "improper recitation of the allegations in the complaint" and Defendants note that they specifically denied most of the Requests to Admit in their answer to the Complaint. *Id.* at 3. Defendants argue Plaintiff would not be prejudiced by allowing the withdrawal because the case

has been pending for less than four months and Plaintiff has been aware of Defendants' position on the subject matter of the Requests to Admit since Defendants filed their answer. *Id.* Plaintiff responds that Defendants' motion should be denied because Defendants' pattern of "tactical" obstruction of the discovery process, combined with the withdrawal of the admissions, will prejudice Plaintiff. Doc. 47 at 1-2. Plaintiff argues withdrawal of the admissions would be prejudicial because Defendants have "truncated" the record by its resistance to discovery and the admissions are "virtually the only meaningful discovery in the record." *Id.* at 4-5. Finally, Plaintiff argues Defendants have not shown good cause for its failure to timely serve its responses. *Id.* at 5.

Pursuant to Rule 36(b) of the Federal Rule of Civil Procedure, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Moreover, "[s]ubject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* Based on this language, the Eleventh Circuit has held that district courts should apply a "two-part test" in deciding whether to grant or deny a motion to withdraw admissions. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citing *Smith v. First Nat'l Bank,* 837 F.2d 1575, 1577 (11th Cir.1988)). In applying the test, district courts should first "consider whether the withdrawal will subserve the presentation of the merits[;]" and second

"determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* (citations omitted). Although the Court has discretion in ruling on motions to withdraw admissions, the Eleventh Circuit has emphasized that the Court's discretion should be exercised with a focus on the effect upon the litigation and prejudice to the resisting party rather than on the defaulting party's excuses. *Id.* (citations omitted).

The first prong of the two-part test "emphasizes the importance of having the action resolved on the merits." *Smith*, 837 F.2d at 1577 (citing Fed. R. Civ. P. 36(b), Advisory Committee Note to the 1970 Amendments). This prong is met "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (citing *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The second prong to the two-part test requires the Court to ascertan whether each party that justifiably relied on an admission in preparation for trial will not be prejudiced by the withdrawal of the admission. *Smith*, 837 F.2d at 1577-78. Mere inconvenience in having to obtain evidence "[does] not rise to a level of prejudice that justifie[s] a denial of the withdrawal motion." *Perez*, 297, F.3d at 1268 (quoting *Hadley*, 45 F.3d at 1349). The court is less likely to find prejudice when a party seeks to withdraw admissions before the trial has begun and the court is able to extend the discovery deadlines to permit the resisting party to prove his case. *Id.*

Here, the Court finds that the two-part test weighs in favor of Defendants. First, disallowing the withdrawal of the admissions "would practically eliminate any

presentation of the merits of the case." *See Perez*, 297 F.3d at 1266 (citation omitted). As Defendants note, more than half of the Requests to Admit are nearly identical to the facts alleged in paragraph 65 of the Complaint, and some of the other requests are similar to facts alleged in the Complaint as well. *See* Doc. 42 at 3; *compare* Doc. 2 at 12-13 *with* Doc. 42-2 at 1-5. The facts alleged in paragraph 65 in particular are central to the basis for the summary judgment motion, specifically that Plaintiff was in privity with the plaintiff in the New York litigation, Ray Webber, thus that the judgment in the New York litigation has preclusive effect on the allegations in Plaintiff's Complaint.[5] *See generally* Doc. 26; Doc. 2 at 12. Thus, the first prong of the two-part test is met.

As to the second prong, Plaintiff has not shown it will be sufficiently prejudiced to justify denying the Motion to Withdraw Admissions. The case is still in a relatively early stage, despite Defendants filing a motion for summary judgment, and the Court is able to extend the discovery deadline to permit Plaintiff the opportunity to prove its case. *See Perez*, 297 F.3d at 1268. Thus, to mitigate any prejudice to Plaintiff the Court will extend the discovery deadline and the other case management deadlines, as explained below. Accordingly, the Court will grant Defendants' Motion to Withdraw Admissions and deny Plaintiff's Motion to Amend Opposition as moot.

---

[5] As Plaintiff argues in its response to the summary judgment motion, "[i]n the absence of privity . . . a preclusion defense must fail." Doc. 34 at 3.

### III. Motion to Amend the CMSO

Finally, in the Motion to Amend the CMSO, Plaintiff requests that the Court extend the deadlines in the CMSO including the discovery deadline from November 5, 2018 to January 15, 2019, the dispositive motions deadline from December 3, 2018 to February 4, 2019 and the deadline for a Joint Final Pretrial Statement from January 15, 2019 to February 15, 2019. Doc. 45 at 1. Plaintiff also indirectly requests an extension of the mediation deadline in its first motion to compel. *See* Doc. 39 at 4. Plaintiff states that the extensions are necessary because of Defendants' late discovery responses and difficulty in mediating and scheduling depositions. Doc. 45 at 2. Defendants agree that the mediation deadline should be extended and suggest an extension to January 1, 2019. Doc. 44 at 2. Defendants do not oppose the remaining requested extensions of the CMSO deadlines. *See* Doc. 46.

Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have broad discretion when managing their cases, including discovery

and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

The Court finds good cause to extend the deadlines but will extend them uniformly and in accordance with the Court's scheduling directives to the parties in the Track Two Notice filed on July 10, 2018. *See* Doc. 7 at 4-5. Thus, the Court will extend the discovery deadline to the requested date of January 15, 2019 and all remaining deadlines by 60 days. The Court notes, however, that these extensions would not be necessary if not for Defendants' failure to cooperate with Plaintiff's counsel as explained above. Defendants are directed to cooperate with Plaintiff in completing discovery and mediation and complying with the CMSO. The Court will not be inclined to grant any further extensions absent extenuating circumstances, and the parties are directed to cooperate with each other and abide by the new case management deadlines.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Partially Opposed Motion to Compel Defendants' Compliance with the Court's Scheduling Order and to Provide Defendants' Deposition Dates (Doc. 39) is **DENIED without prejudice.**

2. Plaintiff's Motion to Compel Defendants to Serve Answers to Interrogatories and Responses to Requests for Production of Documents (Doc. 41) is **DENIED without prejudice.**

3. Defendants' Motion to Withdraw Admissions (Doc. 42) is **GRANTED.**

4. Plaintiff's Motion for Leave to File Amended Opposition to Defendants' Motion for Summary Judgment Containing Supplemental Undisputed Facts Resulting from Defendants' Failure to Respond to Requests for Admissions (Doc. 40) is **DENIED as moot.**

5. Plaintiff's Motion to Extend Deadlines in Scheduling Order, construed as a Motion to Amend the Case Management and Scheduling Order (Doc. 45) is **GRANTED in part.** An amended case management and scheduling order will be issued by separate Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record