UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE HERON COMMERCIAL
GROUP, INC.,

      Plaintiff,

v.                                        Case No: 2:18-cv-467-FtM-29CM

LEE WEBBER and GERALD T.
FILIPIAK,

      Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Opposed Motion to Quash Deposition Notices and for Protective Orders filed on November 30, 2018. Doc. 52. Plaintiff filed a response in opposition on December 10, 2018. Doc. 55. For the reasons stated below, the motion is denied.

### I. Background

Plaintiff filed this case against Defendants in the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida, alleging claims for breach of contract and unjust enrichment related to Defendants' alleged breach of the parties' shareholder agreement by failing to pay capital expenditures in the amount of $652,807. Doc. 2 ¶¶ 73-79, 82-90. Defendants removed the case to this Court on July 5, 2018. Doc. 1. On August 31, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting a mediation deadline for November 1, 2018;

the discovery deadline for November 5, 2018; the dispositive motions deadline for November 30, 2018; and a trial term to begin April 1, 2019. Doc. 25 at 1-2.

On September 5, 2018, Defendants filed a motion for summary judgment and an Opposed Motion to Stay Discovery pending the outcome of the summary judgment motion. Docs. 26, 32. Defendants' motion argued the summary judgment motion would likely dispose of the case and sought to avoid "harassing and needless discovery practice from opposing counsel." Doc. 32 at 3. The summary judgment motion seeks judgment based on the alleged preclusive effect of prior litigation in New York state court between Defendants and Ray Webber, arguing that Plaintiff and Ray Webber were in privity. *Id.*; *see generally* Doc. 26. The parties dispute whether Plaintiff and Ray Webber were in privity and whether the prior New York case has preclusive effect on Plaintiff's claims, and Plaintiff consistently has argued that privity is an issue of fact for which discovery is necessary. *See generally* Docs. 32, 33, 41, 42, 44, 45, 47.

On October 16, 2018, the Court denied Defendants' motion to stay discovery. Doc. 38. The next day, Plaintiff filed a motion to compel Defendants to comply with the CMSO deadlines, claiming that Defendants' counsel refused to cooperate in selecting a mediation date and scheduling Defendants' depositions.[1] Doc. 39 at 2-3. Plaintiff filed a second motion to compel on October 25, 2018 seeking to compel responses to its interrogatories and requests for production. *See* Doc. 41. On

---

[1] At that point, Plaintiff had been attempting to schedule Defendants' depositions since October 2, 2018, with no cooperation from Defendants' counsel. *See* Doc. 39 at 3.

November 16, 2018, the parties filed a status report advising that they scheduled in-person mediation for December 17, 2018.² Doc. 49. On November 19, 2018, the Court denied the motions to compel without prejudice as, based on Defendants' responses to the motions, it appeared the discovery answers had been served and Defendants had begun cooperating with scheduling deposition dates and mediation. *See* Doc. 50 at 3-8. In the same Order, the Court extended the deadlines and subsequently entered an Amended CMSO extending all deadlines in the CMSO, including the discovery deadline to January 15, 2019. Doc. 50 at 12-13; Doc. 51 at 1-2. Less than two weeks later, Defendants filed their Opposed Motion to Quash Deposition Notices and For Protective Order (Doc. 52), the motion at issue here.

Defendants state that on November 14, 2018, Plaintiff served them with Rule 30(b)(6) deposition notices scheduling their depositions for December 18, 2018 in Miami, Florida. Doc. 52 at 3. Defendants request the Court quash the deposition notices³ and enter a protective order (1) allowing Defendants to attend the December 17, 2018 mediation telephonically; and (2) precluding Plaintiff from deposing

---

² On December 7, 2018, an updated notice was filed advising that mediation is scheduled for December 17, 2018 at 10:00 a.m. before Judge Ellen Leesfield (Ret.) at 201 Alhambra Circle, Suite 1205, Coral Gables, Florida. Doc. 54.

³ The Court construes Defendants' request to "quash" the deposition notices as part of the request for protective orders under Rule 26(c) of the Federal Rules of Civil Procedure. *See* Doc. 52 at 8-10; Fed. R. Civ. P. 26(c); *Rosa v. Wellington Academy, LLC*, No. 2:15-cv-187-FtM-38CM, 2016 WL 5373304, at *2 (M.D. Fla. Sept. 26, 2016); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). The Notices of Taking Deposition served on Defendants, as parties to the case, are not Rule 45 subpoenas for non-party deponents and thus are more appropriately addressed in the context of a protective order than a motion to quash. *See Rosa*, 2016 WL 5373304 at *2; *Auto-Owners Ins. Co.*, 231 F.R.D. at 429.

Defendants entirely and/or directing that Plaintiff may depose Defendants only in Buffalo, New York; and/or staying Defendants' depositions while their summary judgment motion is pending; and/or staying Defendant's depositions until the week before trial.  *Id.* at 3.

## II. Discussion

### A. *Mediation*

Defendants request that the Court allow them to attend the December 17, 2018 mediation by telephone instead of in-person as "extraordinary circumstances" exist to warrant their telephonic appearance. Doc. 52 at 6. Defendants argue extraordinary circumstances exist here because (1) they already litigated the New York case, which involved "this precise claim," and there are no facts in dispute; (2) Defendants never initiated purposeful contacts with Florida; and (3) Defendants suffer from medical conditions that could be exacerbated by the stress of travel. *Id.* at 7.

Plaintiff responds that Defendants have not met their burden to justify excusing their in-person appearance at mediation. Doc. 55 at 4. Plaintiff also "strongly disagrees" with Defendants' assertion that no facts are in dispute and argues that Defendants' "unilateral opinions on the merits . . . which Plaintiff ardently disputes, do not amount to an 'extraordinary circumstance'" justifying Defendants' non-appearance at mediation. *Id.* On that point, Plaintiff asserts that privity is a "highly fact specific issue which has unquestionably not previously been litigated" and that discovery is needed on the issues of privity, ownership, control and

other issues.  *Id.*  Finally, Plaintiff notes that Defendants' counsel has made representations that Defendants have planned to travel on other dates in December despite their medical conditions.  *Id.* at 6.

Under the Middle District of Florida Local Rules, personal attendance of the parties or corporate representatives, as the case may be, is required at mediation "[u]nless otherwise excused by the presiding judge in writing[.]"  M.D. Fla. R. 9.05(c). The parties or corporate representatives present must have full authority to negotiate a settlement.  *Id.*  "The rationale behind the requirement that a party attend the mediation in person is so that the party may actively participate in the discussions and negotiations."  *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-CV-747-FTM, 2011 WL 899469, at *1 (M.D. Fla. Mar. 15, 2011).  Moreover, "Court-ordered mediation with each party physically present facilitates compromise and resolution, which saves the parties', the court's, and the public's resources—in other words, saves them a burden."  *Chancey v. Hartford Life & Acc. Ins. Co.*, 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011).  For the Court to dispense with this important in-person requirement, the party seeking it must provide a compelling reason.  *Collazo v. United States*, No. 8:14-cv-2326-T-33MAP, 2015 WL 1138484, at *2 (M.D. Fla. Mar. 13, 2015).

Here, the Court finds that Defendants have not shown a compelling reason to excuse their in-person attendance at mediation.  First, contrary to Defendants' assertion, Plaintiff consistently has argued that facts are in dispute in the case, especially regarding privity between Ray Webber and Plaintiff, and thus mediation should be of some value to the parties.  *See, e.g.*, Doc. 55 at 4.  Also, the parties

apparently agreed on the Miami, Florida area as the location of the mediation to begin with. *See* Doc. 52 at 7; Docs. 49, 54. Further, Defendants have already purchased their airfare for the December 17 mediation and thus are apparently at least medically able to travel if necessary, and Defendant Filipiak has stated he travels to Florida for four weeks per year. Doc. 55 at 6 n.2; Doc. 9-1 at 3. Thus, the Court does not find a "compelling reason" to excuse the in-person mediation requirement, and Defendants must attend mediation in-person on December 17, 2018. *See Collazo*, 2015 WL 1138484 at *2.

### B. Protective orders for depositions

Defendants next request protective orders related to the depositions scheduled for the day after mediation, December 18, 2018, in Miami, Florida. Doc. 52 at 8. Defendants request, as an initial matter, that the Court enter a protective order precluding Plaintiff from conducting the depositions currently scheduled for December 18, 2018, as Defendants are unable to stay in Miami until December 18.[4] *Id.* Next, Defendants request a protective order precluding Defendants' deposition anywhere but Buffalo, New York because Defendants' counsel is in Buffalo; there is no likelihood of significant discovery disputes arising; Defendants do not travel for business and suffer from serious health conditions; and Defendants' permissive counterclaims have been withdrawn. *Id.* at 9. In the alternative, Defendants

---

[4] The motion states that Defendants "have holiday obligations commencing on December 18" but Defendants' statements in the attached declarations appear to indicate that Defendant Webber's holiday plans commence on December 19 and Defendant Filipiak does not give any substantive information about his unavailability on December 18. *See* Doc. 52 at 8; Docs. 52-4, 52-5.

request a protective order precluding or staying the depositions until after the summary judgment motion is decided because Defendants' depositions would be duplicative and Defendants' summary judgment motion is meritorious and dispositive.[5] Doc. 52 at 11-13. Finally, in the further alternative, Defendants request the Court stay their depositions until the week before trial under Local Rule 3.04 as Defendants live in New York and North Carolina and staying depositions until then would not prejudice Plaintiff. Doc. 52 at 13-14.

Plaintiff responds that Defendants' counsel has refused to provide a single alternative date, time or location for Defendants' depositions and has refused to cooperate with scheduling Defendants' depositions since discovery commenced. Doc. 55 at 6-7. Plaintiff notes that Defendants filed a permissive counterclaim in the case and argues that, despite the withdrawal of the counterclaim, Defendants "consented to depositions in Florida" by filing it. *Id.* at 7. Further, Plaintiff argues that Miami is the most convenient location for both counsel and the parties as each individual necessary to conduct the depositions will already be in the same city on December 17, 2018, the day before the depositions, and Defendants' assertions of unavailability are misleading. *Id.* at 7-10. As to Defendants' request to preclude or stay the depositions, Plaintiff notes the Court has already denied Defendants' motion to stay discovery and argues there is no basis to stay the depositions. *Id.* at 14. Plaintiff argues its counsel, after noticing the depositions but before Defendants filed the

---

[5] Defendants state that Defendant Filipiak was deposed in the New York case but Defendant Webber was not. Doc. 52 at 11.

present motion, requested that Defendants' counsel provide an alternative location and date for the depositions if necessary, but Defendants again refused to offer alternative dates and locations. *Id.* at 17. Finally, Plaintiff requests the Court impose sanctions against Defendants for their continued non-compliance and obstruction of discovery. *Id.* at 19.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," and information is discoverable as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, "[a] party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 26(c) requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" to merit the issuance of a protective order. Fed. R. Civ. P. 26(c); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). The Court may limit otherwise reasonable discovery requests where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

Here, the Court finds Defendants have failed to show good cause for a protective order and will deny the motion. The Court will not, however, impose sanctions against Defendant at this time, as Plaintiff requests. First, as to the location of the depositions, both parties' counsel and their clients will be in the Miami area on December 17, the day before the proposed depositions, the persons sought to

be deposed are parties to the case, and whether they travel for business often or not, they will already be traveling for the scheduled mediation. *See Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *1 (S.D. Fla. Aug. 3, 2011). Further, it appears that Plaintiff has been agreeable to conducting depositions in Defendants' states of residency, but Defendants' counsel has refused to provide any available dates or locations.[6] Doc. 55 at 6-7. Thus, for purposes of the noticed December 18, 2018 depositions, the Court finds that Miami is an appropriate location under these particular circumstances. *See Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1981) ("Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors . . . may persuade the Court to require the deposition to be conducted in the forum district or some other place. Ultimately, the Court must consider each case on its own facts and the equities of the particular situation.").

Putting aside that staying the depositions until the week before trial would be outside of the discovery period, the Court finds a stay would prejudice Plaintiff in its preparation for trial. *See* M.D. Fla. R. 3.04. As to precluding or staying the depositions entirely, the Court finds the depositions would not be duplicative as Defendant Webber was not deposed in the New York case, and both Defendants will likely have information to offer regarding whether Plaintiff and Ray Webber were in privity at the time of the New York case. *See* Doc. 52 at 11-12. Finally, the Court

---

[6] The Court notes that Defendants' counsel's refusal to coordinate deposition dates has already been largely responsible for one extension of the discovery deadline. *See* Doc. 50 at 7-8.

already has addressed Defendants' arguments regarding the summary judgment motion in previous Orders and denied Defendants' motion to stay discovery. *See generally* Docs. 38, 50. Plaintiff maintains there are facts in dispute and discovery and depositions of Defendants are necessary to investigate the issues of fact surrounding privity. Doc. 55 at 4. Thus, the Court will not stay the depositions on that basis.

ACCORDINGLY, it is

**ORDERED:**

Defendants' Opposed Motion to Quash Deposition Notices and for Protective Orders (Doc. 52) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record