UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE HERON COMMERCIAL
GROUP, INC.,

      Plaintiff,

v.                                                 Case No: 2:18-cv-467-FtM-29CM

LEE WEBBER and GERALD T.
FILIPIAK,

      Defendants.

## ORDER

This matter comes before the Court upon review of the Unopposed Motion to Withdraw as Counsel for Plaintiff (Doc. 59) filed on January 2, 2019; the Time-Sensitive Joint Motion for Telephonic Status Conference, for Court Colloquy of Plaintiff's Sole Owner, Ray Webber, and for Extension of Discovery Deadline In Light of Plaintiff's Counsel's Pending Motion to Withdraw (Doc. 60) filed on January 3, 2019; the Time-Sensitive Joint Motion for Leave for Counsel to Address the Court In Response to Filing by Non-Owner Son of Plaintiff's Owner Pursuant to Counsel's Unopposed Motion to Withdraw as Counsel for Plaintiff (Doc. 63) filed on January 11, 2019; and Defendants' Unopposed Emergency Application[1] to Extend Discovery

---

[1] Defendants are advised that they should designate a pleading as an "emergency" only in extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as an "emergency," the Court is compelled to immediately divert its attention from other pending matters and to focus on the alleged emergency. Here, there is no pending threat of immediate or irreparable harm to cause Defendants' motion to be designated as an emergency. If any party files an "emergency" motion in the future when there is not a true emergency, the Court may impose sanctions against that party.

Deadline (Doc. 64) filed on January 14, 2019. For the reasons stated below, the motion to withdraw is granted, the first time-sensitive joint motion is granted in part and denied in part, the second time-sensitive joint motion is denied, and the emergency motion is denied as moot.

In the motion to withdraw, Plaintiff's counsel requests the Court permit him to withdraw from further representation of Plaintiff, as continued representation would be in violation of the Rules of Professional Conduct or law and for other reasons for which withdrawal is permitted under the Florida Code of Professional Responsibility. Doc. 59 at 1, 5. Defendants do not oppose the requested relief. *Id.* at 7. The motion states Plaintiff was given notice under Local Rule 2.03(b) and that the requisite ten days' notice period would be effective January 10, 2019.[2] *Id.* Plaintiff's counsel states that the actions of Plaintiff's owner's son, who "is not a member, officer, or owner of Plaintiff," have caused a breakdown in lawyer-client communications and created circumstances under which counsel cannot further represent Plaintiff without violating ethical rules. *Id.* at 2. Specifically, Plaintiff's counsel states he has been unable to communicate with Plaintiff's owner about important aspects of the case, including his deposition testimony, because the son has

---

[2] On January 10, 2019, Duane Webber, Plaintiff's owner's son and a "duly authorized representative" of Plaintiff, filed an opposition to Plaintiff's counsel's request to withdraw. Doc. 61 at 1, 19; *see* Doc. 62. Plaintiff, as a corporation, may only be heard through counsel, and the Court will not consider *pro se* filings from Plaintiff's representatives. *See* M.D. Fla. R. 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or 2.02."). Further, Plaintiff currently is represented by counsel and may only be heard through its attorney. It is also disputed by Plaintiff's counsel whether Duane Webber is an "authorized representative" of Plaintiff. *See* Doc. 60 at 2. Thus, the Court will not consider the *pro se* filings.

blocked all communication. *Id.* at 4. Plaintiff's counsel further states that Plaintiff has not paid him for all costs incurred in the representation, and withdrawal will not have a material adverse effect on Plaintiff. *Id.* at 6.

The first joint motion requests a telephonic status conference "to appraise the Court of unusual and fast-developing circumstances pertaining to Plaintiff's owner's son and his effect on this litigation." Doc. 60 at 1. The motion also requests a Court colloquy of Plaintiff's owner about "his level of informed consent *vis a vis* his son and his son's monstrous effect on this litigation[.]" *Id.* at 2. The motion states that Plaintiff's owner's deposition was scheduled for January 3, 2019 but was cancelled due to the inability of Plaintiff's counsel to communicate with Plaintiff's owner to prepare him for the deposition. *Id.* The parties also note that the discovery deadline is January 15, 2019, and the parties request that that deadline be extended due to Plaintiff's counsel's motion to withdraw. *Id.* Specifically, the parties request an extension of the deadline "to a date materially after a ruling on Plaintiff's counsel's Motion to Withdraw, with some time allowed for Plaintiff to retain new counsel[.]" *Id.* at 5. The second joint motion requests an opportunity for counsel to "address the Court directly to respond to the incorrect allegations" made in Plaintiff's owner's son's response to the motion to withdraw. Doc. 63 at 1. The emergency motion requests that the discovery deadline be extended from January 15, 2019 to January 31, 2019.[3] *See* Doc. 64 at 1.

---

[3] The emergency motion also states that "[d]ispositive motions and responses have been submitted so no extension of any other deadline is required." Doc. 64 at 4. Plaintiff, however, has not yet filed a dispositive motion. If the Court permits Plaintiff's counsel to withdrawal from representation, any new counsel for Plaintiff will need time to get up to

A motion to permissively withdraw is a matter within the discretion of the court. *Obermaier v. Driscoll*, No. 2:00-CV-214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000). Rule 2.03 of the Middle District of Florida Local Rules provides: "No attorney, having made a general appearance under subsection (a) of [Local Rule 2.03] shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel." M.D. Fla. R. 2.03(b). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have broad discretion when managing their cases, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Here, the Court finds good cause to allow Plaintiff's counsel to withdraw and to extend the discovery deadline and remaining CMSO deadlines accordingly. Further, the Court finds unnecessary and will deny the parties' requests for a hearing

---

speed with the case. Thus the Court will extend all remaining CMSO deadlines.

and colloquy of Plaintiff's owner. It is clear there has been a breakdown in communication between Plaintiff and Plaintiff's counsel. *See* Doc. 59 at 1, 3-4, 6; Doc. 60 at 2, 4. Any dispute as to who is authorized to make decisions on behalf of Plaintiff when dealing with counsel is between Plaintiff and its counsel. Based on Plaintiff's counsel's representations, the Court has sufficient information about the necessity for Plaintiff's counsel to withdraw, and a hearing is unnecessary. Also, as the Court declines to consider the *pro se* response filed by Duane Webber, the Court finds it unnecessary for counsel to "address the Court directly to respond to the incorrect allegations" in the *pro se* response and will deny the second joint motion. *See* Doc. 63 at 1. Finally, because the Court will extend the discovery deadline as set forth above in response to the parties' first joint motion, the emergency motion will be denied as moot.

According to Local Rule 2.03(e), however, a corporation may only appear and be heard through counsel admitted to practice in the Court pursuant to Local Rules 2.01 or 2.02. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted); *see also Obermaier*, 2000 WL 33175446, at *1 ("A corporation can never appear *pro se.*"). As a result, if Plaintiff Blue Heron Commercial Group, Inc. wishes to continue litigating this case, it shall promptly retain new counsel and have counsel file a Notice of Appearance. *See Thomas v. Smith, Dean & Assocs., Inc.,* No. 8:10-CV-1444-T-33EAJ, 2013 WL 646179, at *2 (M.D. Fla. Feb. 21, 2013) (holding that a

corporation without attorney representation must secure new counsel if it intends to continue to litigate the case). The Court will allow Plaintiff up to and including **February 1, 2019** to retain and file a notice of appearance of new counsel.

ACCORDINGLY, it is

**ORDERED:**

1. The Unopposed Motion to Withdraw as Counsel for Plaintiff (Doc. 59) is **GRANTED**. Attorney Kenneth Chase and Chase Law, LLC shall have no further responsibility in this case. The Clerk is directed to terminate Kenneth Chase and Chase Law LLC as counsel of record for Plaintiff Blue Heron Commercial Group, Inc. and from receiving future notices of electronic filings.

2. Plaintiff shall have up to and including **February 1, 2019** to retain new counsel and have counsel file a notice of appearance with the Court.

3. The Time-Sensitive Joint Motion for Telephonic Status Conference, for Court Colloquy of Plaintiff's Sole Owner, Ray Webber, and for Extension of Discovery Deadline In Light of Plaintiff's Counsel's Pending Motion to Withdraw (Doc. 60) is **GRANTED in part and DENIED in part**. An amended case management and scheduling order will be issued by separate Order.

4. The Time-Sensitive Joint Motion for Leave for Counsel to Address the Court In Response to Filing by Non-Owner Son of Plaintiff's Owner Pursuant to Counsel's Unopposed Motion to Withdraw as Counsel for Plaintiff (Doc. 63) is **DENIED.**

5. Defendants' Unopposed Emergency Application to Extend Discovery Deadline (Doc. 64) is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties