UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE HERON COMMERCIAL GROUP,
INC. f/k/a Eagle Crest
Manufactured Home Park,
Inc.,

      Plaintiff,

v.                  Case No:  2:18-cv-467-FtM-29UAM

LEE WEBBER and GERALD T.
FILIPIAK,

      Defendants.

_____

### OPINION AND ORDER

This matter comes before the Court on defendants' Motion for Sanctions (Doc. #76) filed on March 8, 2019, to which plaintiff filed a Response (Doc. #78) on April 11, 2019. Defendants filed a Reply (Doc. #85) on May 8, 2019, and plaintiff filed a Sur-Reply (Doc. #88) on May 24, 2019. For the reasons set forth below, the motion is denied.

### I.

Plaintiff Blue Heron Commercial Group, Inc. (Blue Heron) initiated this lawsuit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #2.) Defendants Lee Webber and Gerald T. Filipiak (collectively, Defendants) subsequently removed the action to this Court on the basis of diversity jurisdiction. (Doc. #1.) On September 5,

2018, Defendants filed a motion for summary judgment (Doc. #26), arguing Blue Heron's claims are barred by the doctrine of *res judicata*. On March 14, 2019, the Court entered its Opinion and Order (Doc. #74) granting Defendants' motion for summary judgment, finding that Blue Heron's claims against Defendants are precluded by *res judicata*. Final judgment was entered in Defendants' favor on March 15, 2019. (Doc. #75.)

## II.

Defendants filed the instant Motion for Sanctions (Doc. #76) on March 28, 2019 pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants seek sanctions in the form of attorney's fees against Blue Heron's former counsel Kenneth Chase[1] for filing a frivolous Complaint against Defendants. Defendants contend the Complaint was frivolous because Mr. Chase knew or should have known that Blue Heron's claims are precluded by *res judicata*. In addition, Defendants seek sanctions against Blue Heron in the form of an injunction barring Blue Heron from filing further lawsuits against Defendants without leave of court.

---

[1] On January 2, 2019, Mr. Chase filed a motion to withdraw as Blue Heron's counsel. (Doc. #59.) On January 14, 2019, the Magistrate Judge granted the motion, and Mr. Chase was terminated as Blue Heron's counsel of record. (Doc. #65.) William J. Cook currently represents Blue Heron. (Doc. #68.)

**A.    Whether Sanctions are Warranted under Rule 11**

Blue Heron argues that Rule 11 sanctions are unwarranted in this case because, *inter alia*, Defendants' Motion for Sanctions is untimely.   Blue Heron contends Defendants' motion is untimely because it was filed after the Court granted summary judgment and final judgment was entered in Defendants' favor.   The Court agrees.

Rule 11's purpose "is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts."   Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010)(quotation and citations omitted).   Rule 11 sanctions are warranted "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose."   Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (citation and quotation omitted).

Rule 11(c)(2) contains a "safe harbor" provision, which provides in relevant part that "[t]he motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."   The purpose of Rule 11's safe harbor

provision "is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." Peer, 606 F.3d at 1315.

As to the timeliness of a Rule 11 motion, the Eleventh Circuit has analyzed Rule 9011 of the Federal Rules of Bankruptcy Procedure, which is "substantially identical" to Rule 11, and "agree[d] with the Second, Fourth, and Sixth Circuits that the service *and filing* of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion." In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008)(emphasis added)(quotation and citation omitted). The Eleventh Circuit in Walker thus affirmed the bankruptcy court's denial of a motion for sanctions because the "motion for sanctions was filed after the offending motion had been denied." Id.

Here, although it is undisputed that Defendants complied with Rule 11's safe harbor provision, the Court finds that Defendants' Motion for Sanctions is due to be denied because Defendants filed the motion after the Court granted summary judgment, entered final judgment, and disposed of Blue Heron's alleged frivolous pleading. Id. Defendants, however, contend that Walker is inapplicable under the instant facts because, unlike this case, the movant in Walker sought sanctions prior to the conclusion of the 21-day safe harbor provision. The Court does not find that distinction to be determinative in this case because, although the court discussed

the safe harbor provision in its analysis, the Eleventh Circuit in Walker did not ultimately base its ruling on the movant's failure to satisfy the safe harbor provision. Walker, 532 F.3d at 1309. Rather, as discussed above, the court affirmed the bankruptcy court's denial of sanctions because the "motion for sanctions was filed after the offending motion had been denied." Id.

Indeed, the Second, Fourth, and Sixth Circuit opinions upon which Walker relies support a broad reading of Walker's holding that a motion for sanctions must be filed before final judgment or the offending pleading is rejected by a court. See In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003)(noting that Rule 11 "motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission"); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004)(holding, *inter alia*, that movant "failed to comply with the procedural requirements of Rule 11(c)(1)(A)" by filing motion for sanctions "after summary judgment had been granted"); Ridder v. City of Springfield, 109 F.3d 288, 2295-97 (6th Cir. 1997)(holding that the "service and filing [of a Rule 11 motion] must occur prior to final judgment or judicial rejection of the offending contention" because "a Rule 11 motion cannot be made unless there is some paper, claim, or contention that can be withdrawn.").

Defendants, however, cite to Baker v. Alderman, 158 F.3d 516 (11th Cir. 1998) to support their contention that the instant Motion for Sanctions is timely. The Court finds Baker inapplicable here because Baker is "a case decided under the pre-1993 amendments to Rule 11," which included no safe harbor provision and thus allowed a party to file a motion for sanctions after an offending pleading or motion had been rejected by a court. Byrne v. Nezhat, 261 F.3d 1075, 1126 (11th Cir. 2001); Hartmarx Corp., 496 U.S. at 398 (Prior to 1993 amendments to Rule 11, "in the case of pleadings the sanctions issue under Rule 11 normally [would] be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter." (citation and quotation omitted)). The Court is thus unpersuaded by Defendants' citations to cases which rely on Baker and do not address Walker. See Feise v. N. Broward Hosp. Dist., No. 14-CV-61556, 2017 WL 10410470, at *2 (S.D. Fla. Aug. 7, 2017); Jackson v. Cronic, No. 2:11-CV-00058-WCO, 2013 WL 12091693, at *4 (N.D. Ga. Jan. 24, 2013).

The Court recognizes that at least one district court has interpreted Walker differently. See Abreu v. Alutiiq-Mele, LLC, No. 11-20888-CIV, 2012 WL 4369734, at *9 (S.D. Fla. Aug. 3, 2012). Nonetheless, the Court is persuaded by the analysis of other district courts finding that a motion for sanctions must be filed prior to final judgment under Walker. See Guthrie v. U.S. Gov't,

No. 12-22193-CIV, 2015 WL 13617271, at *4 (S.D. Fla. Apr. 30, 2015)("Under Walker . . . both the service and filing of [a] Rule 11 motion [must] be accomplished prior to the dismissal of [an] action." (citation omitted)); Robinson v. Alutiq-Mele, LLC, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009)(denying motion for sanctions because movant "did not file its motion for sanctions until after the Court granted summary judgment and entered final judgment in its favor, in contravention of Walker"). Accordingly, the Court finds that Defendants' Motion for Sanctions is untimely under Rule 11 because Defendants filed their motion after the Court granted summary judgment and entered final judgment in their favor. Walker, 532 F.3d at 1309.

**B.  Whether Sanctions are Warranted Pursuant to the Court's Inherent Powers**

Defendants argue in their Reply that the Court should impose sanctions on Mr. Chase and Blue Heron pursuant to the Court's inherent powers. Defendants do not appear to assert this argument in their Motion for Sanctions, but to the extent that they do, such a request is untimely for the same reasons discussed above. See Peer, 606 F.3d at 1315 n. 10 (To be timely, a "motion for sanctions under the court's inherent power" must be filed "before entry of the court's final order." (citation omitted)).

The Court, however, may also impose sanctions on its own accord pursuant to its inherent powers. Id. at 1314. "Because

of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). "[T]he key to unlocking the inherent powers is a finding of bad faith . . . ." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1224 n. 4 (11th Cir. 2017). This is governed by a subjective bad faith standard. Id. Such bad faith exists "where an attorney knowingly or recklessly raises a frivolous argument . . . ." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).

Here, while the Court finds no merit in Blue Heron's contention that it was not in privity with Defendants for *res judicata* purposes, the Court cannot determine that Blue Heron knowingly or recklessly raised a frivolous argument. See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) (noting that the bad faith inquiry "focus[es] primarily on the conduct and motive of a party, rather than on the validity of the case" (quotations and citation omitted)). The Court thus declines to exercise its inherent powers to impose sanctions on Blue Heron or its counsel. See Degen v. United States, 517 U.S. 820, 823 (1996)("Principles of deference counsel restraint in resorting to inherent power." (citations omitted)).

For the foregoing reasons, the Court finds that sanctions against Mr. Chase or Blue Heron are not warranted in this case

under either Rule 11 or the Court's inherent powers.  Defendants'
motion is therefore denied.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion for Sanctions (Doc. #73) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   20th   day
of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record